**UNITED STATES DISTRICT COURT**
Western District of Kentucky
Bowling Green Division

| | | |
|---|---|---|
| Kevin Murphy | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.  1:19-cv-155-GNS |
| | ) | |
| Equifax Information Services, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Corporation Service Company | ) | |
| 421 West Main St. | ) | |
| Frankfort, KY 40601 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.    This is an action by Plaintiff Kevin Murphy as a consumer against Defendant Equifax Information Services, LLC ("Equifax") for its violations of the Fair Credit Practices Act ("FCRA") 15 U.S.C. § 1681 *et seq.* which was enacted to assure the accuracy and integrity of the consumer credit reports.

### JURISDICTION and VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FCRA, 15 U.S.C. §1681p Venue is proper because the nucleus of relevant facts and events at issue in this case arose in Warren County, Kentucky which is where Plaintiff resides and which is located in this district.

### PARTIES

3.    Plaintiff Kevin Murphy is a natural person who resides in Warren County, Kentucky and a "consumer" within the meaning of the FCRA as defined at 15 U.S.C. § 1681a(c).

4.    Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company with principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State and is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

5.       Plaintiff Kevin Murphy ("Murphy") regularly monitors his credit reports through the Credit Karma website (www.creditkarma.com) ("Credit Karma") in order to improve his credit and to guard against identity theft.

6.       Mr. Murphy recently reviewed his credit report prepared by Defendant Equifax Information Services, LLC ("Equifax") and obtained via Credit Karma and discovered to his dismay a record of "hard credit" inquiries made by Mariner Finance, LLC ("Mariner") for his Equifax credit report on September 13, 2019 and December 31, 2018.

7.       The FCRA does not expressly create a distinction between "hard" and "soft" credit inquiries, nevertheless the distinction flows directly from the FCRA.

8.       15 U.S.C. § 1681b(c)(3) provides that "a consumer reporting agency shall not furnish to any person a record of inquiries in connection with a credit or insurance transaction that is not initiated by a consumer."

9.       A consumer reporting agency like Equifax may only publish credit reports about a consumer like Mr. Murphy that includes a record of third-party requests for his credit report if and only if those third-party requests were made in connection with a credit or insurance transaction initiated by the consumer.

10.      Consequently, consumer reporting agencies classify every user's request to see a consumer report as either a "hard" or "soft" credit inquiry, depending on the type of inquiry made by the requesting party.

11.      As explained on the Credit Karma website, which is run by Trans Union, LLC:

> There are two kinds of inquiries that can occur on your credit report: hard inquiries and soft inquiries. While both types of credit inquiries enable a third party, such as you or a lender, to view your credit report, only a hard inquiry can negatively affect your credit score.
>
> **What is a Hard Inquiry?**
>
> Hard inquiries occur when a financial institution, such as a lender or credit card issuer, checks your credit report when making a lending decision. For example, hard inquiries commonly take place when a consumer applies for a loan, credit card, or mortgage. **You typically have to authorize a hard inquiry**. Most important to note, **hard inquiries will lower your credit score by a few**

**points and remain on your credit report for two years**. As time passes, the damage to your credit score will decrease until the hard inquiry falls off your credit report.
**What is a Soft Inquiry?**

Soft inquiries occur when a person or company checks your credit report as a background check, such as when a potential employer checks your credit, when you are "pre-approved" for credit card offers, and when you check your own credit score. **A soft inquiry can occur without your permission.** Soft inquiries may be recorded in your credit report, depending on the credit bureau**, but they won't affect your credit score in any way.**

https://www.creditkarma.com/article/hard_inquiries_and_soft_inquiries (visited October 21, 2019) (bolding added).

12.      As explained on Equifax's website:

**What is a hard inquiry?**

When a lender or company makes a request to review your credit report as part of the loan application process, that request is recorded on your credit report as a hard inquiry, and it usually will impact your credit score. This is different from a soft inquiry, which can result when you check your own credit or when a promotional credit card offer is generated. Soft inquiries typically do not impact your credit score.

**Hard inquiries serve as a timeline of when you have applied for <u>new credit</u>** and may stay on your report for up to 24 month s. Depending on your unique credit history, they could indicate different things to different lenders.

**Recent hard inquiries on your credit report tells a lender that you are currently shopping for <u>new credit</u>**. This may be meaningful to a potential lender when assessing your creditworthiness.[1]

---

[1] https://blog.equifax.com/credit/understanding-hard-inquiries-on-your-credit-report (visited October 21, 2019) (bolding and underling added).

13.     And is explained on the myfico.com[2] website:

> Credit inquiries are requests by a "legitimate business" to check your credit.

> As far as your FICO® score is concerned, credit inquiries are classified as either "hard inquiries" or "soft inquiries"–**only hard inquiries have an affect on your FICO score.**

> Soft inquiries are all credit inquiries where your credit is NOT being reviewed by a prospective lender. These include inquiries where you're checking your own credit (such as checking your score in myFICO), credit checks made by businesses to offer you goods or services (such as promotional offers by credit card companies), or inquiries made by businesses with whom you already have a credit account.

> **Hard inquiries are inquiries where a potential lender is reviewing your credit because you've applied for credit with them**. These include credit checks when you've applied for an auto loan, mortgage or credit card.... **A FICO score takes into account only *voluntary* inquiries that result from your application for credit.** The information about inquiries that can be factored into your FICO score includes:

> • Number of recently opened accounts, and proportion of accounts that are recently opened, by type of account.

> • Number of recent credit inquiries.

> • Time since recent account opening(s), by type of account.

> • Time since credit inquiry(ies).

> • **A FICO score does not take into account any involuntary inquiries made by businesses with whom you did not apply for credit**, inquiries from employers, or your own requests to see your credit report

---

[2] "myFICO is the consumer division of FICO. Since its introduction 20 years ago, the FICO® Score has become a global standard for measuring credit risk in the banking, mortgage, credit card, auto and retail industries. **90 of the top 100 largest U.S. financial institutions use the FICO Score to make consumer credit decisions**." https://www.myfico.com/Company/AboutUs.aspx (visited October 21, 2019) (emphasis added).

-4-

www.myfico.com/crediteducation/questions/inquiry-credit-score.aspx (visited July 26, 2013) (bolding and emphasis added).

14.    Whether a consumer reporting agency or FICO categorizes a credit inquiry as "hard" or "soft" depends directly on the user of the report and whether the user classifies its request as a voluntary or involuntary request, *i.e.* whether the request was made in connection with a credit transaction initiated by the consumer.

15.    Mariner's inquiries for Mr. Murphy's consumer credit reports on September 13, 2019 and December 31, 2018 were both involuntary, *i.e.* Mr. Murphy did not initiate a credit transaction with Mariner by applying for credit with Mariner on or about September 13, 2019 and December 31, 2018.

16.    After December 31, 2018 Equifax published credit reports to its users and third-party subscribers that included a record of Mariner's request for Mr. Murphy's credit reports on December 31, 2018.

17.    After September 13, 2019 Equifax published credit reports to its users and third-party subscribers that included a record of Mariner's requests for Mr. Murphy's credit reports on December 31, 2018 and September 13, 2019.

18.    The erroneous hard credit inquiries on Mr. Murphy's credit reports published by Equifax damaged Mr. Murphy in the form of lowered credit score, loss of credit, having to pay more for credit, and emotional upset and anxiety.

19.    Equifax violated the FCRA by publishing credit reports to its users and third-party subscribers that included a record of Mariner's requests for Mr. Murphy's credit reports on December 31, 2018 and September 13, 2019.

## CLAIMS FOR RELIEF

20.    The foregoing actions and omissions of Defendant Equifax Information Services, LLC ("Equifax") constitute violations of the FCRA.

21.    After December 31, 2018, Equifax published credit reports to its users and third-party subscribers that included a record of Mariner's request for Mr. Murphy's credit reports on December 31, 2018.

22.    After September 13, 2019, Equifax published credit reports to its users and third-party subscribers that included a record of Mariner's requests for Mr. Murphy's credit reports on December 31, 2018 and September 13, 2019.

23.     Mr. Murphy did not initiate a credit transaction with Mariner on December 31, 2018 or September 13, 2019.

24.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Mr. Murphy by publishing credit reports about Mr. Murphy that included a record of Mariner's requests made on December 31, 2018 and September 13, 2019 for Mr. Murphy's credit reports.

25.     Equifax violated 15 U.S.C. § 1681b(c)(3) by publishing to its subscribers and users credit reports about Mr. Murphy that included a record of Mariner's requests made on December 31, 2018 and September 13, 2019 for Mr. Murphy's credit reports.

26.     Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual damages, statutory damages, punitive damages, attorney's fees and costs.

27.     Alternatively, Equifax's conduct, actions and inactions were negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kevin Murphy requests that the Court grant him the following relief:

1.     Award Plaintiff maximum statutory damages;

2.     Award Plaintiff actual damages;

3.     Award Plaintiff punitive damages;

4.     Award Plaintiff reasonable attorney's fees and costs;

5.     A trial by jury; and

6.     Such other relief as may be just and proper.

Submitted by:

/s/ James R. McKenzie
*James R. McKenzie Attorney, PLLC*

-7-

115 S. Sherrin Ave. Suite 5
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
E-mail: jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
E-mail: james@kyconsumerlaw.com